IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FREE RANGE PRESENTS DALLAS, LLC,
d/b/a The Rustic,

      Plaintiff and Counter Defendant,

                   OPINION AND ORDER

  v.

                   18-cv-104-wmc

FORT INVESTMENTS LLC and
VALBON BEQIRI,

      Defendants and Counter Claimants.

In this lawsuit, plaintiff Free Range Presents Dallas, LLC, the owner of a Texas restaurant doing business as "The Rustic," asserts trademark infringement against the owners of "The Rustic Smokehouse + Bar," which does business in Fort Atkinson, Wisconsin. Pending before the court is plaintiff's motion to dismiss and/or strike counterclaims and affirmative defenses asserted in the defendants' amended answer to the plaintiff's original complaint as inadequately pleaded and otherwise legally insufficient. (Dkt. #13.) Ordinarily, such motions prove to be a largely pointless exercise for both the parties and the court, but parts of plaintiff's motion prove to be the unusual exception. Accordingly, the court will grant the motion in part and deny it in part as set forth below. The court hesitates to grant even this limited relief for fear of encouraging the parties to engage in similar, largely pointless and tone-deaf motion practice, particularly when this motion was filed just as the case was barely out of the starting gates. Going forward, both

sides need to focus on the substance of their claims and defenses, rather than hyperbole.[1]

BACKGROUND[2]

**A. The Parties**

Plaintiff Free Range Presents Dallas, LLC d/b/a The Rustic is a Texas-based limited liability company. Free Range owns several trademarks, including the trade name and trade dress used in connection with the operation and marketing of restaurants and live music venues located in Dallas and San Antonio, Texas. In particular, Free Range is the owner of U.S. Registration No. 5,098,096 for the word mark THE RUSTIC® in International Class 43 for "Restaurant and bar services" and in International Class 41 for "Providing a venue for live musical performances." It is also the owner of U.S. Registration No. 5,193,673 for the mark THE RUSTIC KITCHEN • BACKYARD • BAR • MUSIC® (and design) in International Class 43 for "Restaurant and Bar services" and in International Class 41 for "Providing a venue for live musical performances." (Compl. (dkt. #1) ¶¶ 18-19.) The Rustic's first location opened on October 13, 2013, in Dallas. The restaurant concept offers Texas Homestyle food, a bar with 40 beers on tap and musical performances by local and national artists, for which it has received attention from local and national sources. (*See, e.g., id.* at ¶ 16).

Defendant Fort Investments LLC is a limited liability company based in Fort

---

[1] Typically, this court expects far more before it would countenance such serious assertions as defendants' claim that plaintiff is engaging in vexatious litigation or plaintiff's claim that defendants' counterclaims are "beneath the dignity of the Court," whatever that may mean.

[2] These background facts are taken from the parties' apparently uncontested allegations and provided merely for context.

Atkinson, Wisconsin. It is the owner of The Rustic Smokehouse + Bar, which opened on November 27, 2017. Defendant Valbon Beqiri is apparently the sole member of Fort Investments and co-owner of The Rustic Smokehouse + Bar. Defendants' restaurant offers "Authentic Texas style smoked BBQ," over 20 beers on tap and live music.

Plaintiff alleges that it learned about the existence of The Rustic Smokehouse + Bar through online social media. On January, 2, 2018, plaintiff notified Beqiri in writing of plaintiff's trademark rights and informed him of likely infringement. On January 31, 2018, an attorney representing Fort Investments responded to the notice of infringement by claiming that because The Rustic operated solely in Texas and The Rustic Smokehouse + Bar operated in Wisconsin, no remedies existed for any arguable infringement.

### B. Procedural Posture

Plaintiff asserts two causes of action against the defendants: trademark infringement and cyberpiracy. Plaintiff further seeks injunctive relief, damages and the costs of litigation under 15 U.S.C. § 1117(a). After defendants filed an answer asserting affirmative defenses and counterclaims for declaratory judgments, plaintiff moved to dismiss. In response, defendants filed an amended answer, as well as an opposition to the motion. While technically the amended answer mooted the motion to dismiss, the court provided plaintiff with the opportunity to either stand on its motion and file a reply, or answer, move or otherwise respond to defendants' amended pleading.

Plaintiff having chosen to stand on its motion, the court considers the motion in light of both defendants' amended counterclaims and affirmative defenses. Generally, defendants' counterclaims seek: (1) a declaration of noninfringement on plaintiff's

trademarks; (2) a declaration that plaintiff was engaging in vexatious trademark litigation; and (3) cancellation of plaintiff's trademark registrations. Defendants' so-called "affirmative defenses" generally mirror the requested relief in the counterclaims.

OPINION

In its motion, plaintiff seeks dismissal and/or striking of defendants' counterclaims and affirmative defenses on the following grounds: (1) defendants' affirmative defenses and counterclaims for declaratory judgment are merely the "mirror image" of allegations made by the plaintiff in the original complaint; (2) defendants have not alleged sufficient facts to plausibly infer that the plaintiff is engaged in vexatious, bad-faith trademark litigation; (3) defendants have not alleged sufficient facts to plausibly infer that there are grounds for cancelling the plaintiff's trademark registration; and (4) defendants' counterclaims and affirmative defenses should be otherwise struck as not having been pled in accordance with Rule 8. The court will address these arguments as they concern the counterclaims first, and then it will turn to the affirmative defenses.

I. **Motion to Dismiss Counterclaims**

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of a claim that shows the pleader is entitled to relief in order to give the respondent fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007). While the pleader need not provide detailed factual allegations, it must provide "just enough facts to raise [the claim] above the level of mere speculation." *Riley v. Vilsack*, 665 F. Supp. 2d 994, 997 (W.D. Wis. 2009); *see also Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Accordingly, a motion to dismiss under Rule 12(b)(6) is designed to test the legal sufficiency of these factual allegations. *See* Fed. R. Civ. P. 12(b)(6). While dismissal is only warranted if no recourse could be granted under any set of facts consistent with the allegations, *see Iqbal*, 556 U.S. at 678, *Twombly*, 550 U.S. at 570, certain of defendants' counterclaims fail to meet even this low bar of plausibility.

### A. Defendants' "Mirror Image" Counterclaim

In a jumbled mix of allegations, defendants claim the right to a declaratory judgment that they have not infringed plaintiff's trademark. In support of its motion to dismiss, plaintiff argues that the defendants' counterclaim is unnecessary to the litigation because it "mirrors" the allegations laid out in the plaintiff's original complaint. *See Bodum USA, Inc. v. A Top New Casting Inc.*, No. 16 C 2916, 2016 WL 4440258, at *2 (N.D. Ill. Aug. 23, 2016) (dismissing defendant's counterclaim because it "essentially present[ed] nothing more than the flip side of [the plaintiff's claims" and "add[ed] nothing to the case beyond the issues that [the plaintiff's claims call upon the court to adjudicate"). Although the court agrees that defendants' counterclaim for a declaratory judgment of noninfringement appears to be a mirror image of plaintiff's infringement claim, at this stage of the lawsuit, so what?

First, neither this court nor the Seventh Circuit Court of Appeals has conclusively held that a claim for declaratory judgment must be dismissed if it mirrors allegations

asserted by the opposing party in an earlier filing.  The decision of whether to dismiss a counterclaim for declaratory judgment is a matter of "judicial discretion" and is not subject to hard and fast rules of this sort.  *See Yellow Cab Co. v. City of Chi.*, 186 F.2d 946, 950 (7th Cir. 1951).  Second, cases in which courts dismiss declaratory judgments that mirror an opposing party's complaint typically involve multiple proceedings (i.e., mirror claims proceeding in two different cases or courts).  Dismissing mirror image claims in that context is obviously appropriate because allowing a declaratory judgment claim to advance beyond the pleading stage could lead to a "piecemeal trial" or even inconsistent results.  *See, e.g., TRW, Inc. v. Ellipse Corp.,* 495 F.2d 314, 322 (7th Cir. 1974).  Here, however, the issue of separate proceedings is not present, and it is not necessary to dismiss mirror image claims on those grounds.  Third, at least until discovery and likely even summary judgment, it is no obvious that the claims *are* mirror images and why would this court invest time and effort in discerning that at the pleading stage, when it has zero possibility of narrowing or advancing the underlying lawsuit in any material respect.

In fairness, dismissal is arguably still warranted here, since in response to plaintiff's motion, defendants failed to offer *any* reason why a declaratory judgement for non-infringement is necessary or to describe what it adds to *this* litigation.  Instead, defendants argue that a court has discretion to hear counterclaims and there is no "overarching rule" dictating dismissal of counterclaims presenting nothing more than the flip side of an opposing party's claim.  (Defs.' Resp. (dkt. #16) 4.)  True enough, but if a finding for defendants on the merits in this case would have the same effect as the grant of a declaratory judgment of non-infringement, why would defendants want to maintain it?

At this point, however, the court will give defendants the benefit of the doubt that there is a distinction justifying their counterclaim. Plus, the court wants to discourage plaintiff and others from filing further motions of this sort going forward. But if defendants are both unwilling to voluntarily dismiss this claim *and* unable to provide *some* reason for allowing a separate counterclaim to advance at summary judgment, then the court will not only grant plaintiff's motion for such summary judgment and dismiss any counterclaim simply seeking a finding that defendants are not infringing the trademarks, but award costs (and possibly sanctions) for requiring plaintiff to bring the motion.

**B. Defendants' Counterclaim regarding Vexatious Litigation/Trademark Bullying**

Defendants also seek a declaratory judgment that plaintiff is engaging in vexatious trademark litigation and/or trademark bullying. In support of its motion to dismiss, plaintiff argues that defendants' claim of vexatious litigation relies upon Second Circuit precedent holding that a non-registered user of a trademark in a geographically separate market does not infringe on the mark. (Pl.'s Br. (dkt. #14) 8-11.) *See also Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358 (2d Cir. 1959). Plaintiff suggests in its brief that the cited case is no longer good law because of the development of the internet, or if still good law, is not applicable here because the infringer cannot demonstrate innocence. (Pl.'s Br. (dkt. #14) 9-10.)

Whatever the merits of defendants' separate geographic market theory, defendants' counterclaim suffers from a fundamental defect, having failed to identify a cause of action for "vexatious litigation" or "trademark bullying." This is not to say that defendants'

7

allegations are not material to plaintiff's claims, although they are again premature. The lack of geographic overlap is certainly a relevant, even important, factor in determining likelihood of confusion, but defendants fail to cite any legal authority to support the assertion that plaintiff cannot bring a claim for trademark infringement as a matter of law where there is no geographic overlap of the parties' services. Even if there were, defendants might have had grounds to move to dismiss under Rule 12(b)(6). Alternately, if defendants believed that plaintiff's claims were frivolous and brought in bad faith, they should have served a draft Rule 11 motion on plaintiff's counsel. The issue of bad faith or vexatious litigation may also be relevant to the question of whether to afford injunctive relief or award attorney's fees to either party. *See Hall v. Cole*, 412 U.S. 1, 5 (1973) ("[I]t is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'").

However, none of these alternative forms of relief supports defendants pursuing a separate counterclaim based on these allegations. As such, the court will grant plaintiff's motion to dismiss a counterclaim for vexatious litigation/ trademark bullying.

### C. Defendants' Counterclaim for Cancellation of Plaintiff's Trademark Registration

Plaintiff next moves to dismiss defendants' counterclaim seeking cancellation of the plaintiff's trademark registration. In fairness, defendants do not list the request for cancellation in their hodgepodge of counterclaims; rather, defendants seek cancellation as a remedy. Still, it is not clear on what basis defendants purport to seek cancellation. For example, providing fraudulent statements to the USPTO in obtaining a trademark can

8

serve as a basis for cancellation.  *See, e.g.*, *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) ("A third party may petition to cancel a registered trademark on the ground that the registration was obtained fraudulently." (quotation marks omitted)).  However, defendants do not plead fraud, much less plead fraud with the specificity required under Federal Rule of Civil Procedure 9(b).  *See Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLC*, 262 F. Supp. 3d 605, 609 (N.D. Ill. 2017) (requiring a claim for cancellation of a trademark to be plead with specificity under Rule 9(b)).  Accordingly, the court concludes that any counterclaim for cancellation fails to meet the pleading requirements of Rule 8 and Rule 9(b), and, as such, the court also will grant this request to dismiss.

**II. Motion to Strike Defendants' Affirmative Defenses**

Plaintiff separately moves to strike defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f), which grants the court discretion to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. 12(f). Generally speaking, motions to strike portions of pleadings are even more disfavored than needlessly or prematurely moving to dismiss counterclaims, as they consume scarce judicial resources and are too often used for dilatory purposes. *See, e.g.*, *Eagle Cove Camp & Conference Ctr. v. Town of Woodboro*, No. 10-cv-118-wmc, 2011 U.S. Dist. LEXIS 162624, at *18 (W.D. Wis. Mar. 24, 2011).  However, the emerging ruling in district courts in this circuit is that "the *Twombly-Iqbal* standard applies to defendants' affirmative defenses". *BCL-Equip. Leasing LLC v. Tom Spensley Trucking, Inc.*, No. 16-CV-007-JDP, 2016 WL 3461603, at *3 (W.D. Wis. June 21, 2016).  Given defendants' significant departure from pleading standards in this case, the court will strike certain

defenses here.

Defendants assert twelve "affirmative defenses" in their amended answer. (Am. Answ. (dkt. #15-1) pp.13-14 at ¶¶ 1-12.) While defendants assert some legitimate affirmative defenses (*e.g.*, a failure to mitigate (*id.* at ¶ 2) and bad faith and/or unclean hands (*id.* at ¶ 7)), the bulk of the defendants' "affirmative defenses" are *not* affirmative defenses at all. An affirmative defense "limits or excuses a defendant's liability even if the plaintiff establishes a prima facie case." *Bell v. Taylor*, 827 F.3d 699, 704–05 (7th Cir. 2016) (citing *Tober v. Graco Children's Prods., Inc.*, 431 F.3d 572, 579 n.9 (7th Cir. 2005)). "In other words, an affirmative defense is '[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true.'" *Id.* (citing Defense, Black's Law Dictionary (10th ed. 2014)).

Here, for purposes of examples, defendants purport to allege an "affirmative defense" that: (1) "Plaintiffs have not and cannot demonstrate that they own protectable or enforceable rights in 'THE RUSTIC concept,' such as ingredients, menu items, décor, or 'Authentic Texas style barbecue'"; and (2) "There is no likelihood of confusion between Plaintiff's asserted trademarks and Defendants' trademarks for a number of reasons, including (without limitation) because the parties use their respective marks in entirely separate geographic locations." (Am. Answ. (dkt. #15-1) ¶ 8, 11.) These allegations are not affirmative defenses; rather, defendants simply seek to negate certain elements that plaintiff must not only allege but must prove to prevail on its trademark infringement claim. As best, these kind of "affirmative defenses" are at minimum unnecessary, immaterial or redundant after defendants' denials in their answer to the allegations in

plaintiff's claims. At worst, defendants are essentially accepting the burden of proof from plaintiff on these elements.

For this reason, the court could grant plaintiff's motion to strike the following paragraphs of defendants' answer: ¶¶ 1, 3, 5, 8, 9, 10 and 11. But again, what would be the point? Other than to point out the absurdity of many of defendants' affirmative defenses, which the court has already done, the primary effect of granting the motion would be to encourage similar motions in the future, when the issues can be far more efficiently handled as part of the parties Rule 26(f) conference, by timely contention interrogatories or, if necessary at all, as part of a summary judgment motion.

ORDER

IT IS ORDERED that:

1) Plaintiff Free Range Presents Dallas, LLC d/b/a The Rustic's motion to dismiss and/or strike inadequately pleaded and otherwise legally insufficient counterclaims and affirmative defenses (dkt. #13) is GRANTED IN PART AND DENIED IN PART as described above.

2) Plaintiff is directed to file its answer to the remaining counterclaim on or before December 21, 2018.

Entered this 7th day of December, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge